IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 14-cv-2994 |
| ) | |
| SCOTT A. THORPE; ROBERTA ENGLUND ) | |
| THORPE; GALAXY MECHANICAL, INC.; ) | |
| and MINNESOTA DEPARTMENT OF ) | |
| REVENUE, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

Plaintiff United States of America brings this civil action to reduce to judgment certain unpaid federal tax assessments made against defendant Scott A. Thorpe and enforce federal tax liens on the real property described in Count II of this complaint.

JURISDICTION

1. This Court has jurisdiction over this action pursuant to §§ 7402 and 7403 of the Internal Revenue Code (26 U.S.C.) and 28 U.S.C. §§ 1340 and 1345.

2. This action is brought at the direction of the Attorney General of the United States and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury pursuant to 26 U.S.C. § 7401.

PARTIES

3. Plaintiff is the United States.

4. Defendant Scott A. Thorpe is a resident of Minnesota, and has an address at 6300 Brookview Avenue, Edina, Minnesota 55424.

5. Defendant Roberta Englund Thorpe resides at 6804 Cornelia Drive, Edina, Minnesota 55435. She is named as a defendant to Count II of the complaint, pursuant to 26 U.S.C.

§ 7403(b), because she may claim an interest in the property on which the United States seeks to enforce its tax liens. Defendant Roberta Englund Thorpe is the mother of defendant Scott A. Thorpe.

6. Galaxy Mechanical, Inc. is named as a defendant to Count II of the complaint, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the property on which the United States seeks to enforce its tax liens.

7. Minnesota Department of Revenue is named as a defendant to Count II of the complaint, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the property on which the United States seeks to enforce its tax liens.

## COUNT I

### Income Tax Assessments

8. The allegations contained in paragraphs 1 through 4 above are incorporated herein.

9. On the dates specified below, a delegate of the Secretary of the Treasury made federal income tax, penalty, and interest assessments against defendant Scott A. Thorpe for the years and in the amounts hereinafter indicated:

| Tax Year | Date of Assessments | Tax Assessed | Penalty Assessed | Interest Assessed | *Balance of Liability |
|---|---|---|---|---|---|
| 2006 | 06/29/09 | $97,452 | $21,868.05 | $16,742.80 | $61,070.44 |
|  | 12/06/10 |  | $    316.19 |  |  |
| 2007 | 07/18/11 | $32,274 | $15,182.96 | $ 5,800.27 | $60,125.07 |
|  | 12/03/12 |  | $  1,613.45 |  |  |
|  |  |  |  | TOTAL | *$<u>121,195.51</u> |

*This balance, as of July 7, 2014, includes any payments, credits, and lien and collection fees and the accrued statutory interest (which compounded daily on the entire unpaid balance from the date of the assessments through July 7, 2014). Interest and statutory additions continue to accrue thereafter.

10. The assessments referred to in paragraph 9 above were made in accordance with law.

11. Notices of the assessments referred to in paragraph 9 above and demands for payment were sent to defendant Scott A. Thorpe on the dates of the assessments.

12. Despite the notices and demands described in paragraph 11 above, defendant Scott A. Thorpe neglected, failed, or refused to pay the assessed liabilities described in paragraph 9 above.

13. By reason of the foregoing, defendant Scott A. Thorpe is liable to the United States in the amount of $121,195.51 plus statutory interest that accrues thereon from July 7, 2014.

WHEREFORE, the United States prays that the Court enter judgment on Count I of the complaint in favor of the United States and against defendant Scott A. Thorpe for $121,195.51, plus statutory additions from July 7, 2014 that accrue thereon.

## COUNT II

(Lien Enforcement)

A.   Conveyances of Subject Property

14. The allegations contained in paragraphs 1 through 13 above are incorporated herein.

15. By warranty deed dated March 10, 2006, defendants Scott A. Thorpe and Roberta Englund Thorpe acquired, as joint tenants, the real property located at 6300 Brookview Avenue, Edina (Hennepin County), Minnesota 55424.  The real property has a legal description as

follows:

> The South 75 feet of the North 813 feet of the East 330 feet of that part of the NW 1/4 of the NE 1/4 of Section 30, Township 28, Range 24, Hennepin County, Minnesota, lying West of the plat of Peacedale Acres, and the West 108 feet of the East 330 feet of the South 84.5 feet of the North 897.5 feet of that part of the NW 1/4 of the NE 1/4 lying West of the plat of Peacedale Acres.
>
> together with all hereditaments and appurtenances belonging thereto, subject to the following exceptions: Restrictions, covenants, conditions and easements of record, if any.

16.  By quit claim deed dated November 17, 2011, defendants Scott A. Thorpe and Roberta Englund Thorpe transferred title to the real property described in paragraph 15 above to defendant Roberta E. Thorpe for no or nominal consideration.  The November 17, 2011 quit claim deed was filed with the Hennepin County, Minnesota Recorder's office on November 23, 2011.

        B.      <u>Attachment of Federal Tax Liens and Filing of Notices of Federal Tax Liens</u>

17.  On the dates of the assessments detailed in paragraphs 9 above, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 and attached to all property and rights to property then belonging to defendant Scott A. Thorpe (or thereafter acquired by), including his one-half interest in the subject property described in paragraph 15 above.

18.  On September 18, 2009, a notice of federal tax lien for the 2006 income tax assessments described in paragraph 9 above was filed with the Hennepin County, Minnesota Recorder's office.

19.  The November 17, 2011 transfer of defendant Scott A. Thorpe's one-half interest in the subject real property, described in paragraph 16 above, was made subject to the United States' federal tax liens.

20. On August 10, 2011, a notice of federal tax lien for the 2007 income tax assessments described in paragraph 9 above was filed with the Hennepin County, Minnesota Recorder's office.

WHEREFORE, the United States prays for judgment on Count II of the complaint as follows:

1. That this Court determine, adjudge, and decree that, pursuant to 26 U.S.C. § 7403, the United States has valid and subsisting federal tax liens for the periods described in paragraph 9 above upon all property and rights to property belonging to defendant Scott A. Thorpe, including his one-half interest in the real property described in paragraph 15 above, and that such federal tax liens be foreclosed and enforced against that property; and

2. That the Court order a sale of the real property described in paragraph 15 above free and clear of all rights, titles, claims, and interests of the parties to this action, with no right of redemption, and distribute the proceeds in accordance with the Court's findings as to the validity and amounts of the liens, claims, and interests of all parties herein; and

3. That any party claiming an interest in or lien upon the subject real property that is superior to the United States tax liens be ordered to affirmatively demonstrate that interest or lien, and that failure to do so will constitute a default; and

4.  That this Court award the United States its costs and such other relief as the Court deems just and proper.

    Respectfully submitted,

    ANDREW M. LUGER
    United States Attorney

    TAMARA W. ASHFORD
    Acting Assistant Attorney General
    Tax Division

     /s/ LaQuita Taylor-Phillips
    LaQuita Taylor-Phillips
    Trial Attorney
    Tax Division
    U.S. Department of Justice
    Post Office Box 7238
    Ben Franklin Station
    Washington, D.C.  20044
    Telephone: (202) 305-7945
    Facsimile: (202) 514-6770